

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ORIE KELLY, JR. | CIVIL ACTION NO. 05-0076 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## **REPORT AND RECOMMENDATION**

Orie Kelly, Jr. ("Plaintiff") is a frequent filer of meritless litigation. Some of his frivolous suits were described in a Report and Recommendation (Doc. 4) in Kelly v. Dixie Mart, 02 CV 1198. Judge Walter, in that same case, prohibited Plaintiff from further proceedings of any kind in forma pauperis without prior permission from the court. Plaintiff paid in full the filing fee for this civil action. His complaint, on a form provided by the Clerk, seeks review of a denial of a claim for social security benefits. The complaint does not identify any particular application or administrative proceeding or explain what error Plaintiff believes was committed.

The Commissioner filed a Motion to Dismiss (Doc. 7) on the grounds the complaint is barred by the limitations period of 42 U.S.C. § 405(g), which provides that a claimant may obtain review of a final agency decision "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner

may allow." Receipt of the notice that triggers the period is presumed to be five days after the date of the notice, absent a reasonable showing to the contrary. 20 C.F.R. § 422.210(c); Kinash v. Callahan, 129 F.3d 736 (5th Cir. 1997).

The Commissioner's motion relies upon extra-complaint evidence in the form of an affidavit from an agency official, so the court converted the motion to one for summary judgment and afforded Plaintiff an opportunity to submit his own summary judgment evidence. (Doc. 9). Plaintiff did not make any timely submission. The Commissioner's evidence shows that Plaintiff filed applications for Supplemental Security Income in 1982, 1983, 1985, 1986 and 2002. All were denied. With respect to the 2002 application, Plaintiff received an unfavorable decision in January 2003, and the Appeals Council denied a request for review on April 16, 2003. Any effort to appeal that decision to this court by virtue of this complaint received in late December 2004 is plainly untimely. The Commissioner does not provide the specific administrative history of the applications filed in the 1980's, but the clear implication of the Commissioner's motion is that administrative remedies were not exhausted with respect to those applications or, if remedies were exhausted, the sixty-day period for appeal to this court would long since have passed. Plaintiff has submitted no evidence to indicate otherwise.

Plaintiff finally succeeded in obtaining benefits on an application he filed in October 2003. The agency found several months later that he was disabled as of October 1, 2003, and the agency issued Plaintiff a retroactive payment for the period of November 2003 through

March 2004 and sent monthly payments thereafter. Plaintiff nonetheless requested a hearing before an ALJ, perhaps because he believed he was also entitled to a payment for the month of October 2003, but the ALJ dismissed the request for a hearing on January 28, 2005 on the grounds that Plaintiff had received all benefits due under the regulations that govern when payment of benefits begin following the onset of a disability. There is no indication that administrative remedies were exhausted with respect to that proceeding, and only a final decision may be reviewed by the court. See Sims v. Apfel, 120 S.Ct. 2080 (2000) (describing administrative process) and Bowen v. City of New York, 106 S.Ct. 2022, 2026 (1986)(claimant may seek judicial relief after completing all steps of the administrative process). Furthermore, § 405(g) limits judicial review to a final decision of the Commissioner "made after a hearing." The ALJ's recent decision was made as a matter of law and without a hearing, so it is (subject to a narrow exception) not subject to review by the federal courts. See Brandyburg v. Sullivan, 959 F.2d 555 (5th Cir. 1992).

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's **Motion to Dismiss (Doc. 7)**, converted to a motion for summary judgment, be **GRANTED** and this civil action be **DISMISSED** as untimely.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 17 day of June, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks